IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| SHEILA REYES-RIVERA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LUIS VARGAS-MARTÍNEZ,<br><br>    Defendant. | **Civil No. 25-1375 (GMM)** |

## OPINION AND ORDER

Before the Court is Defendant Luis Vargas-Martínez's ("Dr. Vargas") *Motion to Dismiss for Lack of Jurisdiction* ("*Motion to Dismiss*"). (Docket No. 9). For the foregoing reasons, the *Motion to Dismiss* is **GRANTED.**

### I.   BACKGROUND

This is a medical malpractice action against Dr. Vargas. (Docket No. 1 at 5-6 ¶¶ 4.1-4.5). Plaintiffs Sheila Reyes-Rivera, Josefina Rivera-Ortega, Carmelo Reyes-Marcano, Ninoshka Reyes-Medina, and Nicole Reyes-Medina (collectively, "Plaintiffs") seek damages for the death their relative Edwin Reyes-Rivera, their suffering caused by the decedent's death, and the suffering experienced by the deceased person prior to their death. (Id. at 6-8 ¶¶ 5.1-6.6).

Plaintiffs allege that this Court enjoys subject matter jurisdiction, premised upon complete diversity of citizenship.

(Id. at 1-2 ¶ 1.2). Per the *Complaint*, Plaintiffs are domiciled in Puerto Rico whereas Dr. Vargas is domiciled in Spain. (Id. at 2-3 ¶¶ 2.1-2.7). Dr. Vargas, on the other hand, asserts that the Court lacks subject matter jurisdiction because, while he may be a Spanish citizen, he is domiciled in Puerto Rico. (Docket No. 9 at 2 ¶ 5). Accordingly, Dr. Vargas moves for dismissal.

Dr. Vargas' *Motion to Dismiss* was filed on March 31, 2026. (Docket No. 9). Plaintiffs did not file an opposition. On April 20, 2026 and May 6, 2026, Dr. Vargas reiterated his request for dismissal in his *Motion for Judgment* and *Second Motion for Judgment*, respectively. (Docket Nos. 10, 11). These motions also stand unopposed.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). They possess "only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013)). The party asserting jurisdiction has the burden of demonstrating its existence. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

A party may seek dismissal of a civil action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). "Subject matter jurisdiction refers to a court's power to hear the case

before it." Boniface v. Viliena, 145 F.4th 98, 109 (1st Cir. 2025) (citation modified). "[I]f a federal court concludes that subject-matter jurisdiction is lacking, it must dismiss the complaint, no matter what stage of the proceeding the case is in." Id.

### III. DISCUSSION

To invoke this Court's subject matter jurisdiction on the basis of diversity of citizenship, Plaintiffs must demonstrate that each of them is a citizen of a different state than Dr. Vargas, and that the suit involves an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a); Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005) (noting that diversity jurisdiction is present "only when there is complete diversity" between the parties).

"For federal jurisdictional purposes, diversity of citizenship must be determined as of the time of suit." Valentín, 254 F.3d at 361. A party's citizenship is determined by domicile, Rodríguez-Díaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988), which is "the place where [the party] has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Valentín, 254 F.3d at 366 (internal citation omitted).

The relevant question for this Court is whether Dr. Vargas, was domiciled in Spain or in Puerto Rico on July 17, 2025, the

date on which the *Complaint* was filed. To establish domicile, two indispensable elements must be met: "(1) physical presence in the claimed domicile; and (2) an intent to remain there indefinitely." Miranda v. Miranda, 686 F. Supp. 44, 46 (D.P.R. 1988). The Court may further consider several factors to establish domicile, such as "the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment." Bank One, Tex. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992) (*quoting* Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 11-12 (1st Cir. 1991) (per curiam)). The Court now applies these relevant factors.[1]

The *Motion to Dismiss* relies on matters outside the four corners of the *Complaint* - namely, additional motions and accompanying exhibits. *See* (Docket Nos. 5, 10-12). The Court treats this as a factual, rather than facial, challenge to subject matter jurisdiction. In resolving a factual challenge under Rule 12(b)(1), the Court may consider materials outside of the pleadings, weigh all evidence on the record, and resolve factual

---

[1] Because Plaintiffs failed to file an opposition to Mr. Vargas *Motion to Dismiss* pursuant to Local Civil Rule 7(b), the Court evaluates the pertinent the question in accordance with the documentary evidence contained in the record.

disputes. González v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Valentín, 254 F.3d at 363.

A.    Property

Dr. Vargas' property indicates domicile in Puerto Rico. "The location of one's property is a factor in determining citizenship." Macone v. Nelson, 274 F. Supp. 2d 136, 140 (D.P.R. 2003). Although Dr. Vargas was not physically present in the Puerto Rico on July 18, 2025 – the day after the *Complaint* was filed – Dr. Vargas owned a residential property in Puerto Rico, which was being rented for short-term leases. (Docket No. 5 at 2 ¶ 4). This practice is not inconsistent with Dr. Vargas' continued possession and control of his Puerto Rico property. Quite the contrary, the uncontested record is devoid of Dr. Vargas' intent to dispose of this property and, rather, reflects that Dr. Vargas, as of January 28, 2026, works in Puerto Rico and lists his address as this property. (Id. at 4 ¶ 12; Docket No. 9 at 1-2 ¶ 3).

Although Dr. Vargas, while physically in Spain and renting his Puerto Rico residence, indicated that he was not living in Puerto Rico, (Docket No. 5 at 3 ¶ 9), his return to Puerto Rico – coupled with his continued possession of his Puerto Rico residential property - supports a finding that Dr. Vargas is indeed domiciled in Puerto Rico. Valentín, 254 F.3d at 366.

Civil No. 25-1375 (GMM)
Page -6-

In addition, Plaintiffs claim they were "unable to ascertain Defendant Dr. Vargas Martínez's specific residential address in Spain" and thus lack a "confirmed physical address" in Spain. (Docket No. 5 at 4 ¶ 11). This further undermines the argument that Dr. Vargas is domiciled in Spain.

B.    License

Licenses may be accounted for to establish domicile. Bank One, Tex., 964 F.2d at 50. Plaintiffs establish that the records presented by the Puerto Rico Board of Medical Licensure and Discipline indicate that "the defendant holds an active medical license" to practice in Puerto Rico. (Docket No. 5 at 3 ¶ 7). Even further, Plaintiffs state that "said license was renewed in August 2025 and is valid through August 2028." (Id.). The renewal of Dr. Vargas' medical license at a date proximate to the filing of the *Complaint* weighs in favor of domicile in Puerto Rico.

The record does not provide information to support Defendant holds an active medical license in Spain, has attempted to acquire one, or intends to practice medicine in Spain. This factor also weighs towards finding that Dr. Vargas is domiciled in Puerto Rico.

C.    Employment

The place of employment is "relevant to determining a party's domicile." Valentín, 254 F.3d at 367. The documentary evidence of the record contains no mention of Dr. Vargas ever being employed,

Civil No. 25-1375 (GMM)
Page -7-

or seeking employment, in Spain. Instead, as referenced above, the record reflects Dr. Vargas holds a recently renewed license to practice medicine in Puerto Rico. (Docket No. 5 at 3 ¶ 7).

The record shows that Dr. Vargas has a history of employment in Puerto Rico and an intent to continue employed in Puerto Rico, as evidenced by Defendant's phone call indicating he obtained employment in Puerto Rico. (Id. at 4 ¶ 12; Docket No. 9 at 1-2 ¶ 3). Notably, Dr. Vargas was served process at his place of employment: a hospital in Puerto Rico. (Docket Nos. 5-1 at 2; 9 at 1-2 ¶ 3).

After evaluating all relevant factors, it is the finding of this Court that Dr. Vargas is domiciled in Puerto Rico. Upon consideration that all Plaintiffs are also domiciled in Puerto Rico, (Docket No. 1 at 2-3 ¶¶ 2.1-2.6), complete diversity of citizenship is not present and dismissal is warranted, in accordance with 28 U.S.C. § 1332(a), for lack of subject matter jurisdiction.

## IV.  CONCLUSION

Dr. Vargas' *Motion to Dismiss for Lack of Jurisdiction*, (Docket No. 9), is hereby **GRANTED** and the *Complaint* shall be **DISMISSED WITHOUT PREJUDICE**, with the imposition of Dr. Vargas' costs and attorneys' fees on Plaintiffs.

**Civil No. 25-1375 (GMM)**
**Page -8-**


The *Motion for Judgment*, (Docket No. 10), the *Second Motion for Judgment*, (Docket No. 11), and the *Motion Reiterating Motion to Dismiss and for Judgment*, (Docket No. 12), are **DENIED AS MOOT.**

Judgment of dismissal shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 10, 2026.


/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE